UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CHERYL CAMPERS, | Case No. 16-cv-03507-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING THE DEFENDANTS' MOTION TO DISMISS** |
| VISTA HEALTH CLINIC, et al., | Re: ECF No. 6 |
| Defendants. | |

Cheryl Campers filed suit in California state court on September 4, 2015.[1] In her complaint, a Judicial Council of California form, Ms. Campers marked four boxes to indicate the substance of her claims: "Property Damage," "Personal Injury," "ADA & Malpractice Violatio[n]," and "Human Rights V[iolation]."[2] Other than indicating that the case is "unlimited" (*i.e.* the case value exceeds $25,000), Ms. Campers did not provide any additional information about her claims.[3]

Two defendants, Santa Rosa Community Health Center (d/b/a Vista Family Health Center) and Dr. Daniel Creggan,[4] removed the action and now move to substitute the United States as the

---

[1] Complaint — ECF No. 1-1.

[2] *Id.* at 3.

[3] *Id.*

[4] Ms. Campers sued "Vista Health Clinic" and Dr. Daniel Creggin, but the defendants indicate that these are incorrect names for these two defendants.

ORDER ─ No. 16-cv-03507-LB

proper defendant and to dismiss the complaint for two reasons: (1) the court lacks subject-matter jurisdiction because Ms. Campers has not exhausted her administrative remedies under the Federal Tort Claims Act ("FTCA"), and (2) Ms. Campers fails to state a claim under Rule 12(b)(6).[5] Ms. Campers did not respond to the motion.[6] After the opposition deadline, however, Ms. Campers contacted Courtroom Deputy Lashanda Scott to explain that she needed additional time to respond to the motion. The court gave Ms. Campers until September 8 to file a response, but she never did.[7]

The court can decide this matter without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). The court grants the motion and dismisses Ms. Campers's claims without prejudice to pursuing administrative relief.

## GOVERNING LAW

**1. Rule 12(b)(1) Subject-Matter Jurisdiction**

A complaint must contain a short and plain statement of the ground for the court's jurisdiction (unless the court already has jurisdiction and the claim needs no new jurisdictional support). Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). A defendant's Rule 12(b)(1) jurisdictional attack can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). Under a facial attack, the court "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiffs." *Warren*

---

[5] Motion to Dismiss — ECF No. 6.

[6] *See generally* Docket; Notice of Non-Opposition — ECF No. 10.

[7] Order — ECF No. 13.

*v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In a factual attack, the court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

### 2. Sovereign Immunity

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). This is the doctrine of sovereign immunity. The Ninth Circuit has explained: "Before we may exercise jurisdiction over any suit against the government, we must have 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'" *Id.* (quoting in part *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Mollison v. United States*, 568 F.3d 1073, 1075 (9th Cir. 2009) (citing *Soriano v. United States*, 352 U.S. 270, 276 (1957)) (internal quotations omitted; alteration in original).

Absent a waiver, "a court does not have authority to award relief against the United States or a federal agency . . . ." *Isaacs v. United States*, No. 13-cv-01394-WHO, 2013 WL 4067597, at *1 (N.D. Cal. Aug. 1, 2013). "As the party asserting a claim against the United States, [the plaintiff] has the burden of 'demonstrating unequivocal waiver of immunity.'" *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (quoting *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986)).

## ANALYSIS

### 1. The United States Is the Proper Defendant

The first issue is whether the United States should be substituted as the defendant for the Health Center and Dr. Creggan. Because these two defendants are deemed federal employees and the government certifies they were acting within the scope of that employment, the United States is substituted as the proper defendant.

Federally funded health centers and their employees may be deemed employees of the federal Public Health Service. 42 U.S.C. § 233(g)(1)(A), (g)(4). When a federal employee is sued, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of" his or her employment during the subject incident, the suit is considered an action against the United States. 28 U.S.C. § 2679(d)(1). The United States will then be substituted as the proper defendant for the named employee. *Id.*

Here, the United States Attorney for the Northern District of California, through the Chief of the Civil Division, certifies that Santa Rosa Community Health Center and its employees have been covered by the FTCA since January 1, 2012.[8] The Civil Chief further certifies that Dr. Creggan "was an employee of the health center and was acting within the scope of his employment at all times material to" the case.[9] Such a certification is "prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged." *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995). Ms. Campers has the burden of disproving the certification by a preponderance of the evidence. *Id.*

Ms. Campers has not met her burden. She in fact has not challenged the defendants' classification, their FTCA-coverage, or their substitution with the United States. The court therefore grants the motion and substitutes the United States for the defendants Santa Rosa Community Health Center and Dr. Creggan.

---

[8] Certification — ECF No. 2, ¶ 2.
[9] *Id.*

The other two defendants — doctors Eleaser and Richardson — will, however, remain as individually named defendants. The Civil Chief does not certify that these two defendants were employees of the Health Center or acting within the scope of such employment.[10] To the contrary, a Department of Health and Human Services ("DHHS") senior attorney declares that these two defendants were not employees of the health center and thus not eligible for FTCA coverage.[11]

### 2. Sovereign Immunity Bars Ms. Campers's Claims Against the United States

The second issue is whether, because the United States is now a defendant, sovereign immunity bars Ms. Campers's claims. It does and so the court dismisses her claims to the extent asserted against the United States.

"[T]he FTCA remedy against the United States [is] 'exclusive of any other civil action or proceeding' for any personal injury caused by a [Public Health Service] officer or employee performing a medical or related function 'while acting within the scope of his office or employment.'" *Hui v. Castaneda*, 559 U.S. 799, 802 (2010) (quoting 42 U.S.C. § 233(a)). This rule applies equally where, as here, the named defendants were publically funded health centers and their employees. 42 U.S.C. § 233(g)(1)(A).

The FTCA waives the United States' sovereign immunity to certain tort claims and is "the exclusive remedy for torts committed by Government employees in the scope of their employment." *United States v. Smith*, 499 U.S. 160 163 (1991); *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979); *Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011); 28 U.S.C. §§ 1346(b)(1), 2679(b)(1). An FTCA-plaintiff must first exhaust available administrative remedies:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall

---

[10] *Id.*

[11] Torres Decl. — ECF No. 6-1, ¶¶ 7–8.

have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . .

28 U.S.C. § 2675(a). The § 2765(a) presentment requirement is satisfied by "(1) a written statement sufficiently describing the injury to enable to agency to begin its own investigation, and (2) a sum certain damages claim." *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985) (internal quotation marks omitted). The plaintiff may then bring a civil case only once the agency "finally denie[s]" the claim or fails to arrive at a "final disposition of [the] claim within six months after it is filed." 28 U.S.C. § 2675(a). The claim-exhaustion requirement "is jurisdictional in nature and may not be waived." *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir. 1986) (citing *Burns*, 764 F.2d at 724).

Here, Ms. Campers does not allege that she ever filed an administrative claim with the DHHS.[12] The record supports just the opposite: the United States submits a declaration that the DHHS's database contains no record of a claim by Ms. Campers against the Health Center or Dr. Creggan.[13] Ms. Campers, having not responded to the motion, has presented no basis to believe otherwise. The court therefore dismisses Ms. Campers's claims without prejudice to refiling after she has exhausted her administrative remedies. *See Pinzon v. Mendocino Coast Clinics, Inc.*, No. 14-cv-05504-JST, 2015 WL 4967257, at *3 (N.D. Cal. Aug. 20, 2015) (dismissing claims without prejudice where the DHHS database had no record of the plaintiff's administrative claims and the plaintiff provided no evidence to the contrary).

The dismissal relates to each of Ms. Campers's claims, including what appears to be a claim under the Americans with Disabilities Act ("ADA"). As the Supreme Court explained, § 233(a) "grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment" and "limits recovery for such conduct to suits against the United States." *Hui*, 559 U.S. at 806, 812–13 (concluding that § 233(a) precludes a *Bivens* action). Based on this record, it appears that any injury Ms. Campers suffered arises out of the defendants' "performance of medical or related

---

[12] *See generally* Compl.

[13] Torres Decl. ¶¶ 2–4.

ORDER ─ No. 16-cv-03507-LB                 6

functions," and therefore all of her apparent claims fall within § 233(a) and are subject to the FTCA's immunity-waiver requirements. *See Pinzon*, 2015 WL 4967257 at *3 (dismissing ADA and Civil Rights Act claims against federally funded health clinic).

## CONCLUSION

The court grants the defendants' motion, substitutes the United States as defendant for Santa Rosa Community Health Center and Dr. Creggan, and dismisses Ms. Campers's claims to the extent raised against the United States. Dismissal is without prejudice to Ms. Campers refiling her claims after exhausting her administrative remedies. This order does not affect the other two defendants, doctors Eleaser and Richardson.

**IT IS SO ORDERED.**

Dated: September 20, 2016

_____
LAUREL BEELER
United States Magistrate Judge